*SHANNON & FLEMING, P.C.*
*LAW OFFICES*
*3120 N. 19th Avenue, Suite 140*
*Phoenix, AZ 85015*

Lawrence J. Fleming (1932-2013)
Mathew E. Shannon (1933-2018)
................
L. Timothy Fleming
Magdalena Jorquez*
*Of Counsel; †Retired
24901GD - 1796101

RECEIVED

DEC 02 2020

CLERK, U.S.D.C.
CHEYENNE, WYOMING
Telephone
(602) 277-6627

Facsimile
(602) 277-6427
ms@shannonandfleming.com

November 3, 2020

District Court of Wyoming
Attn: Clerk of the Court
2120 Capitol Avenue, Room 2131
Cheyenne, WY 82001

99-CV-263-J

(307) 633-4270

Re: Andrew Boldizar; Structured Settlement Transfer Procedure

Dear Clerk of the Court:

This firm represents PEACHTREE SETTLEMENT FUNDING, LLC in a structured settlement transfer matter that is now pending in the superior court of Arizona. It is our understanding that the original settlement arose in the context of a case from your court involving an individual named Andrew Boldizar. I apologize that I do not have a case number reference in any of the paperwork I have been provided.

The insurance companies involved in the original structured settlements frequently require that we provide a copy of our transfer petition and hearing notice to you as being the court of origin. Enclosed with the original of this letter transmitted to you by FedEx, please find copies of same. Thank you.

Sincerely,

L. Timothy Fleming
For the Firm

Enclosures:

L. TIMOTHY FLEMING - State Bar # 014425
SHANNON & FLEMING, P. C.
3120 North 19th Avenue, Suite 140
Phoenix, Arizona 85015
(602) 277-6627; (602) 277-6427 – Fax
24901 GD - 1796101; Attorneys for Petitioner
ms@shannonandfleming.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 DEC -2  AM 11: 06

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF GILA

PEACHTREE SETTLEMENT FUNDING, LLC In the
Matter of the Application for Transfer of Structured
Settlement Proceeds,

                                 Petitioner.

) No. CV2020-00343    *99-CV-263-J*
)
)
) NOTICE OF HEARING
)
) Judge Bryan B. Chambers

PEACHTREE SETTLEMENT FUNDING, LLC, Petitioner, by and through its attorney, filed a

"Petition and Application for Court Approval of a Transfer of Structured Settlement Payment Rights"

pursuant to Arizona Structured Settlement Transfer Act, A.R.S. §12-2901 *et seq.*

NOTICE IS HEREBY GIVEN that a hearing will be held on the 30th day of December, 2020, at

the hour of 1:50, p.m., in the above Court before the above assigned Division, 1400 E. Ash St., Globe, AZ

85501, for the purpose of determining best interest pursuant to A.R.S. §12-2901 *et seq.* Petitioner shall

serve notice of hearing on interested parties as required by A.R.S. §12-2903(B) no less than 20 (twenty)

days before the hearing.

Dated this November 19, 2020

*[signature]*

_____
L. TIMOTHY FLEMING

NOTICE PURSUANT TO A.R.S. §12-2903(B): Any interested party is entitled to support, oppose or
otherwise respond to the transferee's application, either in person or by counsel, by submitting written
comments to the court or other responsible administrative authority or by participating in the hearing.
Any written responses to the application must be filed prior to the above hearing date to be considered by
the court or responsible administrative authority. An interested party shall have at least 15 days after
service of the transferee's notice in which to respond.

L. TIMOTHY FLEMING – State Bar #014425
SHANNON & FLEMING, P. C.
3120 N. 19th Avenue, Suite 140
Phoenix, Arizona 85015
(602) 277-6627; (602) 277-6427 – Fax;
24901GD - 1796101; Attorneys for Petitioner
ms@shannonandfleming.com

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF GILA

|  |  |
|---|---|
| | No. CN 2020 · 00343 |
| PEACHTREE SETTLEMENT FUNDING, LLC, In the Matter of the Application for Transfer of Structured Settlement Proceeds, | PETITION AND APPLICATION FOR APPROVAL OF TRANSFER OF STRUCTURED SETTLEMENT PAYMENT RIGHTS; A.R.S. §12-2903 |
| Petitioner. | |
| | (Non-classified Civil) |

PEACHTREE SETTLEMENT FUNDING, LLC, Petitioner, by and through undersigned counsel, petitions and makes application to this Court for approval of the transfer of certain structured settlement payment rights from an individual Payee to Petitioner pursuant to the terms of Title 12, Chapter 20, Arizona Revised Statutes (the "Act") and A.R.C.P. 70.1.  In support thereof, Petitioner alleges as follows:

1.      Jurisdiction is proper before the Superior Court pursuant to A.R.S. §§12-2902 and 12-2903, and as the Payee is an Arizona resident.  Payee has waived venue in Payee's county of residence and venue is proper in this county.

2.      Prior to the commencement of this proceeding the Payee entered into an agreement for settlement of a claim for damages arising in connection with a personal injury or wrongful death.  Payee's structured settlement is funded by an annuity that provides for certain lump sum and/or periodic structured payments.

3.    The "Structured Settlement Obligor" with respect to the aforementioned structured settlement payments is New York Life Insurance and Annuity Corporation, c/o Cozen O'Connor, whose address is 1650 Market St., Ste. 2800, Philadelphia, PA 19103-6996.

4.    The "Annuity Issuer" who has issued an insurance contract used to fund the structured payments referenced herein is New York Life Insurance Company, c/o Cozen O'Connor, whose address is 1650 Market St., Ste. 2800, Philadelphia, PA 19103-6996.

5.    Payee has contacted Petitioner for the purposes of initiating a transaction with Petitioner for the sale of certain structured settlement payments and transfer of rights to which the Payee is entitled.  The parties have executed declarations as required by A.R.C.P. 70.1.  True and correct redacted copies of declarations signed under oath are to be attached hereto and incorporated as Exhibit #1.  Petitioner will supplement.

6.    Payee has agreed to sell and transfer, and Petitioner has agreed to purchase certain structured periodic payments due and owing to Payee.  A true and correct redacted copy of the proposed Purchase Contract is attached hereto and incorporated as Exhibit #2.

7.    Petitioner has provided a Disclosure Statement to Payee at least three days prior to signing of the proposed Purchase Agreement as required by A.R.S. §12-2902.  A true and correct redacted copy of the foregoing Disclosure Statement is attached hereto and incorporated as Exhibit #3.

8.    The net amount payable to Payee by Petitioner is provided by the Purchase Agreement and Disclosure Statement as required by the Act.

9.    Payee has been advised in writing by Petitioner to seek independent professional advice regarding the proposed transfer and Payee has either received the advice or knowingly waived the advice in writing.  A true and correct redacted copy of the foregoing notice and waiver is attached hereto and incorporated as Exhibit #4.

10.   Payee is married and has no minor children or other dependents.

11.   Pursuant to A.R.S. §12-2903(B), Interested Parties are entitled to notice of these proceedings including copies of this Petition and exhibits attached hereto.  Notice of the hearing on this Petition is required to be served upon the following individuals or entities: The Payee; New York Life Insurance Company, c/o Cozen O'Connor, Annuity Issuer, whose address is 1650 Market St., Ste. 2800, Philadelphia, PA 19103-6996; New York Life Insurance and Annuity Corporation, c/o Cozen O'Connor, Settlement Obligor, whose address is 1650 Market St., Ste. 2800, Philadelphia, PA 19103-6996.  Petitioner will provide written notice of the transfer to all interested parties, including Payee and the Annuity Issuer.  Non-redacted exhibits, identical to those redacted exhibits filed with the court, will be served on all parties and provided to the court prior to hearing.  In the event the Structured Settlement was approved by a court in a state other than Arizona, any notice of these proceedings to be provided will be accomplished by delivery to the clerk of said court.  Transferee has provided written notice of its name, address, and taxpayer identification number to the annuity issuer and the structured settlement obligor, true and correct copies of said notices are attached hereto and incorporated as Exhibit #5.

12.   That the transfer contemplated herein does not contravene any applicable federal or state statute or the order of any court or other responsible government or administrative authority.

13.   That without limitation, for the reasons set forth in Exhibit #1, and upon such other and further proofs, including specific details relevant to this proposed transfer anticipated to be offered at hearing, the transfer is in the best interest of the Payee, taking into account the welfare and support of the Payee's dependents, if any.

WHEREFORE, PEACHTREE SETTLEMENT FUNDING, LLC, its nominees, successors or assigns, respectfully requests the Court set a date for hearing, and after notice and

hearing, the Court enter its Order approving the Purchase Contract attached hereto as Exhibit #2, based upon the findings required by A.R.S. §12-2902, such that:

A. The transfer complies with the provisions of Title 12, Chapter 20, Arizona Revised Statutes.

B. The Petitioner has timely provided Payee with a Disclosure Statement within the meaning of A.R.S. §12-2902(B)(2).

C. The transfer is in the best interest of the Payee, taking into account the welfare and support of the Payee's dependents, if any.

D. The Payee has been advised in writing by Petitioner to seek independent professional advice regarding the transfer and has either received the advice or knowingly waived the advice in writing.

E. The transfer does not contravene any applicable federal or state statute or the order of any court or other responsible government or administrative authority.

Dated this November 3, 2020

SHANNON & FLEMING, P. C.

By _____
L. TIMOTHY FLEMING

EXHIBIT #1

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

# LIST OF DEPENDENTS

**"Dependents" include your spouse and minor children and all other family members and other persons for whom you are legally obligated to provide support, including alimony.**

I have dependent(s) as listed below:

| Name of Dependent | Relationship | DOB | Age |
|---|---|---|---|
| ███████████ | wife | ██████ | 28 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**If no dependent(s), please check this box** _____

10/22/2020

_____
**Date**

1796101                                    © 2011 Peachtree Settlement Funding, LLC

## TRANSFEREE'S DECLARATION
## IN SUPPORT OF APPLICATION
## A.R.C.P. 70.1

**Shannan Colangelo** hereby makes the following declaration:

1.     In my official capacity, I am Vice President of Peachtree Settlement Funding, LLC / Tax ID: # 45-2795843, transferee in the matter of the structured settlement payment rights of ████ ██████ and I am authorized to execute this declaration on behalf of said transferee;

2.     After making reasonable inquiry, the transferee is not aware of any prior transfers of structured settlement rights by the payee other than those disclosed in Payee's Declaration in Support of Application;

3.     The transferee has complied with its obligations under A.R.S. § 12-2901, *et seq.*;

4.     To the best of the transferee's knowledge after making reasonable inquiry, the proposed transfer would not contravene any applicable law, statute, or the order of any court or other government authority.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 2�5 day of October , 2020.


𝒮. ℓ𝓁


By: _____
         Shannan Colangelo
         Peachtree Settlement Funding, LLC/ Tax ID: # 45-2795843
         Vice President, Legal Operations

EXHIBIT #2

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID:  1796101

 Peachtree
Financial Solutions®

## PURCHASE CONTRACT

This is a Purchase Contract ("Contract") for the sale of structured settlement payments between

▇▇▇  ▇▇▇  (**You**, **Your**), and Peachtree Settlement Funding, LLC (**We**, **Us**, **Our**)

3993 Howard Hughes Parkway, Suite 204, Las Vegas, NV 89169-6754.

## GENERAL INFORMATION

A.  In connection with the resolution of a personal injury claim, You or someone acting for You, signed a Settlement Agreement that entitles You to receive certain future payments ("Settlement Payments"), according to a set schedule.

B.  Those Settlement Payments are being paid to You from an annuity policy ("Annuity Policy") purchased by the Person responsible for making the Settlement Payments to You ("Obligor").

C.  Rather than wait for the Settlement Payments to be made to You in the future, You want to sell all or some of those Settlement Payments ("Purchased Payments") to Us now for a lump sum.

D.  **THIS CONTRACT CONTAINS AN ARBITRATION PROVISION WHICH YOU SHOULD READ CAREFULLY, AS IT WILL HAVE A SUBSTANTIAL IMPACT ON HOW DISPUTES BETWEEN YOU AND US ARE RESOLVED.**

E.  **For additional definitions, see Section 3 of this Contract.**

**You** and **We** agree as follows:

1.  **SALE OF THE PURCHASED PAYMENTS**

A.  Upon the signing of this Contract and subject to certain conditions including Court Approval, You sell, transfer and assign to Us the right to receive the Purchased Payments specifically identified in the Disclosure Statement.

B.  We will pay You the Net Purchase Price as agreed to in the Contract Documents, subject to certain conditions, including meeting Our underwriting requirements, Court Approval and satisfactory completion of the Closing Documents. We will do this in exchange for You:

   •  selling the Purchased Payments to Us;

   •  changing the beneficiary of the Annuity Policy to Your estate  and not changing it again until We have been paid all of the Purchased Payments;

   •  having any current beneficiaries waive their rights to the Purchased Payments; and

   •  fulfilling Your promises under this Contract.

07/12/12

© 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID:  1796101



C. If We are buying only a portion of Your payments, this will have no effect upon Your rights in the unsold portion. You will continue to receive the unsold portion unless You have already sold or encumbered that portion.  However, sometimes the Issuer, the Obligor or the court may require Us to receive the entire amount of Your payment.  If so, We will then forward the portion of the payment still due to You and You hereby agree to this payment servicing arrangement.

2.  **PURCHASE PRICE**

A. The Gross and Net Purchase Prices are shown on the Disclosure Statement and are fair and acceptable to You and Us.

B. We will pay You the Net Purchase Price in the manner You designate for Us.

C. Before we pay You, You agree that We will adjust for the following amounts, *if applicable:*

- **Purchased Payments Owed to Us – The Issuer may have already paid You some of the Purchased Payments before We have paid You for them. If that happens, We will deduct the amount of those Purchased Payments.**

- **Holdbacks – Due to possible delays in the Issuer beginning to make the Purchased Payments to Us instead of You, We will hold back an amount equal to any Purchased Payments that the Issuer owes Us post Court Approval, that are due within 90 days of the Funding Date.  If We subsequently receive those particular Purchased Payments directly, We will return the amount of any related holdback to You.**

- **Payment of Debts Owed – If You owe any past due child support,  bankruptcy payoffs or taxes, or have any judgments or liens against You or Your assets, We may pay those amounts and deduct them from the amount We pay You, and You hereby provide Us with specific authority to take such action.  We will provide You with notice of the amounts that We are going to pay, prior to actual payment.**

D. If any Purchased Payments are mistakenly sent to You after We have paid You for them, You will immediately contact Us.  If We then determine that any deductions or holdbacks as set forth above are not enough to reimburse Us, We will advise You of the amount You owe Us. You agree to immediately send that amount to Us by bank or certified check.

3.  **DEFINED WORDS**

Certain words used in this Contract have the specific meanings shown below.

**Affiliate**
An entity controlled by, controlling, or under common control with, another entity.

**Annuity Policy**
The policy purchased by the Obligor to ensure that the Settlement Payments are made to You as required by the Settlement Agreement.

**Closing Documents**

© 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID:  1796101



Any documents necessary to carry out the purchase of the Purchased Payments, other than the "Contract or Contract Documents" as defined below.

**Contract or Contract Documents**
Collectively, only this Contract and the Disclosure Statement.

**Contract Date**
The date Your signature at the end of this Contract is E-signed and date stamped.  However, if You happen to sign this Contract before the number of days stated at the end of Your Disclosure Statement for waiting has passed, You will have no obligation under Your Contract until that time has passed.

**Court Order**
A legally binding ruling issued by a judge or properly empowered administrative officer, approving the sale of the Purchased Payments to Us **("Court Approval")**.

**Disclosure Statement**
The document which identifies for You, the Purchased Payments, expenses, Purchase Price and various other disclosures.

**Encumbrance**
Any claim, right, lien, policy loan, or restriction.  In addition, this includes any limits on rights of ownership (such as the use, voting, transfer, receipt of income, etc.).

**Funding Date**
The date We pay You the Net Purchase Price.

**Issuer**
The insurance company that issued the Annuity Policy.

**Obligor**
The Person who is obligated to make payments to You under the Settlement Agreement.

**Party**
One of You or Us. Parties means both You and Us.

**Person**
Any natural person or legal entity.

**Purchased Payments**
Only those certain payments that We are purchasing from You under this Contract.

**Purchase Price:**

   **Gross Purchase Price**
   The amount shown as the "gross amount payable to the seller (You)" on the Disclosure  Statement. This is the sum We have agreed to pay You *before* any deductions as setforth in the Contract Documents.

   **Net Purchase Price**

07/12/12

© 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID:  1796101

 Peachtree
Financial Solutions

The amount shown as the "net amount payable to the seller (You)" on the Disclosure Statement. This is the sum We have agreed to pay You *after* any deductions as set forth in the Contract Documents.

**Settlement Agreement**
The agreement that You and the Obligor signed to resolve Your personal injury claim.

**Settlement Payments**
All of the payments that the Obligor has agreed to make to You in the Settlement Agreement.

**We, Our, or Us**
Peachtree Settlement Funding, LLC, along with any of its successors, assigns, and designees. Some of the Contract Documents or Closing Documents may refer to Us as the purchaser.

**You or Your**
The Person named on this Contract's first page. Some of the Contract Documents or Closing Documents may refer to You as the seller.

---

4.  <u>**YOUR REPRESENTATIONS AND WARRANTIES**</u>

You represent and warrant to Us the following:

A.  **You understand that THIS IS A SALE AND NOT A LOAN.**

B.  The Annuity Policy is in full force, You are the sole and undisputed recipient of the right to the Purchased Payments have the right to sell them free and clear of any Encumbrances and have not previously sold any of the Purchased Payments to any other Person.

C.  You understand that Court Approval is required for this purchase; and You agree to fully cooperate with Us to obtain that approval.

D.  You gave Us all requested information and signed all documents necessary to complete the purchase.  Every statement made by You in the Contract Documents and Closing Documents is true and complete.

E.  No law, divorce decree or other legal obstacle:

    • requires You to keep the Purchased Payments for the benefit of a current or former spouse, dependent children, or other person; or

    • legally prevents You from contracting with Us, selling the Purchased Payments or changing the Annuity Policy's beneficiary.

F.  Either:

    • You have never filed for bankruptcy, will not do so before the Funding Date and there are no lawsuits or efforts by any of Your creditors to put You into bankruptcy or take any of the Purchased Payments; or

    • If You filed for bankruptcy, the Purchased Payments were not subject to the claims of Your creditors. You will give Us a copy of any of Your bankruptcy documents that We request including evidence of a final bankruptcy payoff or case closing, if any.

© 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID:  1796101



G.  We can rely on Your representations, warranties, and promises in this Contract.  These representations, warranties, and promises are for Our benefit and the benefit of any future owners of the Purchased Payments. You understand that Our reliance on any intentional misrepresentation by You may result in Our enforcing Our rights against You in court.

H.  You had enough time to consider the sale of the Purchased Payments, understand the terms of the Contract Documents and Closing Documents (including the arbitration provision), are of legal contracting age and sound mind, not under the influence of drugs or alcohol, and  freely and voluntarily, enter into this Contract and agree to all of its terms.

I.  You were advised by Us to obtain independent legal advice and professional tax advice about the sale of the Purchased Payments and to have those advisors review the terms and legal, tax and other effects of this Contract with You prior to Your execution of this Contract. You have also explored all appropriate financial options before entering into this transaction.

J.  We did not provide tax, financial, or legal advice to You about this Contract and have advised You that We may not refer You to any specific attorney for such purpose.

K.  If You are married, Your spouse understands all of the terms and conditions of this Contract including, but not limited to the fact that, after the Funding Date, You (and Your spouse) will not receive the same amount of money on the same payment schedule as You would have received under the Annuity Policy. Your spouse has been provided with all information relating to the transaction and has had every opportunity to review the terms of the transaction and to seek any advice relating thereto. Your Spouse also understands that he or she will be giving up any property or contract rights that he or she may have in the Purchased Payments.

L.  We may sell, transfer, or assign Our right to the Purchased Payments in a sale, securitization, or other financing transaction (resale).  Any resale would involve disclosing certain information about You (including Your personal information) to the parties to a resale.

M.  Any future owner of the right to the Purchased Payments will have all of the same rights We have, including the right to the duties You owe Us under this Contract.  This includes the right to make a claim against You for violating any of the representations, warranties, or promises You made in this Contract.

5.  **YOUR PROMISES TO US**

**Before and after the Funding Date:**

A.  You will tell us right away if Your address or telephone number changes and do everything necessary, including completing and signing all documents to:

- sell the right to the Purchased Payments to Us;

- change the beneficiary as required by this Contract;

- correct any documentation errors in the Contract Documents or Closing Documents.

B.  You will also tell Us if any of the following occurs:

- a violation of this Contract; or

© 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID:  1796101



- anything that could negatively affect the Annuity Policy, the Purchased Payments, or this Contract.

C.   You will not:

- agree to sell the Purchased Payments to any Person other than Us;
- change the Annuity Policy's beneficiary to any Person other than Your estate until We have collected all of the Purchased Payments; or
- withdraw cash from, borrow against, or change the Annuity Policy.

D.   You will give Us information necessary to update Your representations, warranties, and promises in this Contract. You will also update any documents and information so they will be true and complete on the Funding Date.

E.   We are now, and will continue in the future, to rely on the representations and warranties You have given Us. We will confirm the accuracy of Your representations and warranties. You must cooperate with this confirmation and provide complete access to any information We believe necessary.

F.   You agree that updating representations, warranties, promises, documents and other information will not cure a breach of any representation or warranty made by You that was not true and complete.

G.   You agree that Our obligation to You under this Contract is strictly limited to the requirement to pay You what We owe You under the terms of this Contract, after receipt and approval of the Closing Documents, final underwriting approval and Court Approval.  Under no circumstances will We be liable for any consequential damages.

H.   You hereby appoint Us and any of Our designees, with full power of substitution as your Attorney in Fact, to act in Your name and place for the purpose of assigning and transferring ownership of any and all right, title and interest that You have in the Purchased Payments and for Us to obtain all benefits contemplated by this transaction.  You also give Us full authority to act in any way proper and necessary to exercise this Attorney in Fact   appointment including, but not limited to: (1) negotiating, endorsing and executing checks, drafts and other instruments in Your name; and (2) instituting, maintaining, compromising, settling and terminating any litigation or other proceedings related to the Purchased Payments. This power of attorney is coupled with an interest and shall survive death or disability.

6.   **CANCELLATION BY US**

We may cancel this Contract before the Funding Date if:

A.   You breach any representation, warranty, or promise in any Contract Documents or Closing Documents.

B.   The petition for the Court Order is contested, opposed, or not approved.

C.   We are sued or threatened with a lawsuit or an arbitration about this Contract or the Annuity Policy.

D.   There is any threatened, pending, or final action, or change in law or rule challenging the legality of, or negatively affecting this transaction.

E.   You file for, or are forced into bankruptcy.
F.   You die.

G.   Final approval has not been given by Our underwriting department.

07/12/12

© 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID:  1796101



H.   The Purchase Contract is not signed by You and received back by Us by December 05, 2020.

I.    A major rating agency downgrades the Issuer's credit rating.

J.    The Issuer is, or becomes insolvent, or under regulatory supervision.

K.   With respect to A through J above, to the extent permitted by applicable law, the arbitration provision in Section 10 of this Contract shall survive the termination, cancellation or rescission of this Contract.

7.   **CANCELLATION BY YOU**

A.   **(1)  YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION AT ANY TIME WITHIN FIVE (5) BUSINESS DAYS AFTER THE DATE YOU RECEIVE PAYMENT HEREUNDER FROM US.  IN ORDER FOR THE CANCELLATION TO BE EFFECTIVE, YOU MUST SEND A NOTICE POSTMARKED AT ANY TIME WITHIN FIVE BUSINESS DAYS AFTER YOU RECEIVE PAYMENT HEREUNDER FROM US (This is the rescission period).**

**(2)  YOUR NOTICE IS TO BE SENT EITHER BY CERTIFIED OR REGISTERED MAIL (RETURN RECEIPT REQUESTED) OR FEDEX OR ANOTHER MAJOR OVERNIGHT DELIVERY SERVICE.  THE NOTICE MUST INCLUDE A BANK OR CERTIFIED CHECK MADE PAYABLE TO US, IN THE FULL AMOUNT RECEIVED BY YOU.  YOUR NOTICE MUST BE SENT TO:**

> **Peachtree Settlement Funding, LLC**
> **Attention:  Manager of Operations**
> **3993 Howard Hughes Parkway, Suite 204**
> **Las Vegas, NV 89169-6754**

B.   **GEORGIA RESIDENTS: YOU MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO 5:00 P.M. OF THE TWENTY-FIRST DAY FOLLOWING RECEIPT OF THE ENCLOSED "NOTICE OF CANCELLATION RIGHTS" FORM, OR AT THE HEARING ON THE APPLICATION FORAUTHORIZATION OF A TRANSFER OF STRUCTURED SETTLEMENT PAYMENT RIGHTS, OR AT ANYTIME WITHIN FIVE (5) BUSINESS DAYS AFTER YOU RECEIVE PAYMENT HERE UNDER FROM US, WHICHEVER EVENT OCCURS LAST (This is the Georgia rescission period). IN ORDER FOR THE CANCELLATION TO BE EFFECTIVE, YOU MUST SIGN THE ENCLOSED "NOTICE OF CANCELLATION RIGHTS" FORM AND MAIL OR DELIVER IT TO US AS SPECIFIED IN THAT NOTICE AND YOU MUST RETURN ALL AMOUNTS (PURCHASE PRICE OR OTHERWISE) RECEIVED BY YOU ACCORDING TO THE REQUIREMENTS OF 7 (A) (2) ABOVE.**

C.   **WEST VIRGINIA RESIDENTS:  IN ORDER FOR YOUR CANCELLATION TO BE EFFECTIVE, YOUR NOTICE CAN BE SUBMITTED VIA PHONE, MAIL, OR FACSIMILE.  ANY AMOUNTS ADVANCED BY US IN CONTEMPLATION OF THE TRANSFER SHALL BE IMMEDIATELY REFUNDED TO US.  IF YOU DISMISS YOUR ACTION AFTER APPOINTMENT OF A GUARDIAN AD LITEM, OR RESCIND YOUR TRANSFER AGREEMENT (PURCHASE CONTRACT) WITHIN THE RESCISSION PERIOD IN 7(A) (1) ABOVE, YOU SHALL BE RESPONSIBLE FOR THE FILING FEE AND ANY GUARDIAN AD LITEM FEES.**

D.   **With respect to A through C above, to the extent permitted by applicable law, the arbitration provision in Section 10 of this Contract shall survive the termination, cancellation or rescission of this Contract.**

8.   **NOTICES**

A.   All notices about this Contract must be in writing.

07/12/12          © 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID:  1796101



B.   All notices must be sent either by:  (1) certified or registered mail (return receipt requested); or (2) FedEx or another major overnight delivery service with a delivery tracking system and are considered given when delivered as follows: If to You:  to the most recent address for You listed in Our files.  If to Us: to the address listed in Section 7(A) (2) of this Contract.

9.   **EVENTS OF DEFAULT**

**You will be in default if You:**

A.   fail to comply with any terms or conditions of this Contract; or

B.   breach any of Your representations, warranties and promises in this Contract.

If You are in default, even if You have not rejected the arbitration provision (see Section 10 of this Contract), We have the right to enforce Our rights against You in court to make You perform Your promises or to get money from You.  If We sue You in court in connection with a Claim that is subject to arbitration under the arbitration provision in Section 10 of this Contract, and You have not rejected the arbitration provision, You will have the option of remaining in court or seeking to compel arbitration of that Claim under the terms of the arbitration provision.

10.   **ARBITRATION PROVISION**

To the extent permitted by applicable law, You and We agree to the following arbitration provision.

**YOU HAVE THE RIGHT TO REJECT THIS ARBITRATION PROVISION AS SET FORTH BELOW.  If You do not reject this arbitration provision and a Claim is arbitrated, You will not have the right to: (1) have a court or a jury decide the Claim; (2) engage in information gathering (discovery) to the same extent as in court; (3) participate in a class action in court or in arbitration; or (4) join or consolidate a Claim with claims of any other person.  The right to appeal is more limited in arbitration than in court and other rights in court may be unavailable or limited in arbitration.**

**Claims Subject to Arbitration.** A "Claim" subject to arbitration is any claim, dispute or controversy between You and Us (other than an Excluded Claim or Proceeding as set forth below), whether preexisting, present or future, which arises out of, or relates to the Contract, the negotiations related thereto, the breach thereof or any other transaction conducted with us in connection with the Contract.  "Claim" has the broadest possible meaning and includes initial claims, counterclaims, cross-claims, third-party claims and federal, state, local and administrative claims.  It includes disputes based upon contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, regulation, ordinance, common law and equity and includes claims for money damages and injunctive or declaratory relief.  Upon the demand of You or Us, Claim(s) will be resolved by individual (not class or class-wide) binding arbitration in accordance with the terms specified in this arbitration provision.

**Special Definitions.** Solely for purposes of this arbitration provision, in addition to the meanings set forth in this Contract: (1) "We," "Us" and "Our" also (a) refer to Our employees, officers, directors, parents, controlling persons, subsidiaries and affiliates and (b) apply to third parties if You assert a Claim against such third parties in connection with a Claim you assert against Us; and (2) "You" or "Your" also refer to Your current or former spouse(s), children. heirs, estate, executors, successors, assigns, representatives and beneficiaries.

**Excluded Claim or Proceeding.**  Notwithstanding the foregoing, "Claim" does not include any dispute or controversy about the validity, enforceability, coverage or scope of this arbitration provision or any part thereof (including, without limitation, the "Class Action Waiver" set forth below and/or this sentence); all such disputes or controversies are for a court and not an arbitrator to decide.  However, any dispute or controversy that concerns the validity or enforceability of the Contract as a whole

is for the arbitrator, not a court, to decide.  In addition, We will not require You to arbitrate any individual action brought by You in small claims court or Your state's equivalent court, unless such action is transferred, removed, or appealed to a different court.

07/12/12                                                                                          © 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID:  1796101

 Peachtree
Financial Solutions

**Federal Arbitration Act.**  Notwithstanding any other provision in this Contract, You and We agree that this Contract evidences a transaction involving interstate commerce and that the Federal Arbitration Act (Title 9 of the United States Code) ("FAA") shall govern its interpretation and enforcement and proceedings pursuant thereto.  To the extent state law is applicable under the FAA, the law of the state of Your domicile (where You regularly reside on the Contract Date) shall apply.

**Class Action Waiver.  Notwithstanding any other provision of this Contract, if a Claim is arbitrated, neither You nor We will have the right: (a) to participate in a class action, private attorney general action or other representative action in court or in arbitration, either as a class representative or class member; or (b) to join or consolidate Claims with claims of any other Persons.  No arbitrator shall have authority to conduct any arbitration in violation of this provision (provided, however, that the Class Action Waiver does not apply to any lawsuit or administrative proceeding filed against us by a state or federal government agency even when such agency is seeking relief on behalf of a class of borrowers including You.  This means that We will not have the right to compel arbitration of any claim brought by such an agency).  The Class Action Waiver is nonseverable from this arbitration provision.  If the Class Action Waiver is limited, voided or found unenforceable, then this arbitration provision (except for this sentence) shall be null and void with respect to such proceeding, subject to the right to appeal the limitation or invalidation of the Class Action Waiver.**

**Arbitration Procedures.**  If You or We seek to arbitrate a Claim, the Party seeking arbitration must notify the other Party in writing.  This notice can be given after the beginning of a lawsuit and can be given in papers filed in the lawsuit, such as a motion to compel arbitration.  Otherwise, Your notice must be sent to Us at the address specified in Section 7 (A) (2) of this Contract and Our notice must be sent to the most recent address for You in our files.  Any arbitration hearing that You attend will take place in a venue of Your domicile.  If a Party files a lawsuit in court asserting Claim(s) that are subject to arbitration, and the other Party files a motion to compel arbitration with the court, which is granted, it will be the responsibility of the Party prosecuting the Claim(s) to select an arbitration administrator in accordance with the paragraph below and commence the arbitration proceeding in accordance with the administrator's rules and procedures.

The arbitration will be administered by the American Arbitration Association ("AAA"), 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org, 1-800-778-7879 or JAMS, 1920 Main Street, Suite 300, Irvine, CA 92614, www.jamsadr.com, 1-800-352-5267.  The rules and forms of the AAA and JAMS may be obtained by writing to these organizations at the addresses listed above.  If the AAA and JAMS are unable or unwilling to serve as administrator, the Parties may agree upon another administrator or, if they are unable to agree, a court shall determine the administrator.  No company may serve as administrator, without the consent of all Parties, if it adopts or has in place any formal or informal policy that is inconsistent with and purports to override the terms of this arbitration provision.  In the event of a conflict between the provisions of this arbitration provision, on the one hand, and other provisions of this Contract or any applicable rules of the AAA or JAMS or other administrator used, on the other hand, the provisions of this arbitration provision shall control.

A single arbitrator will be appointed by the administrator and must be a practicing attorney with ten or more years of experience or a retired judge.  The arbitrator will not be bound by judicial rules of procedure and evidence that would apply in a court, or by state or local laws that relate to arbitration proceedings.  The arbitrator will honor statutes of limitation and claims of privilege recognized under applicable law.  In determining liability or awarding damages or other relief, the arbitrator will follow this Contract and the applicable substantive law, consistent with the FAA and this Contract, that would apply if the matter had been brought in court.  At Your written request, we will pay all filing, hearing and/or other fees charged by the administrator and arbitrator to You for Claim(s) asserted by You in arbitration after You have paid an amount equivalent to the fee, if any, for filing such Claim(s) in state or federal court (whichever is less) in the judicial district in which You reside.  (If You have already paid a filing fee for asserting the Claim(s) in court, You will not be required to pay that amount again).  In addition, the administrator may have a procedure whereby You can seek a waiver of fees charged to You by the administrator and arbitrator.  We will always pay any fees or expenses that We are required to pay by law or the administrator's rules or that We are required to pay for this arbitration provision to be enforced.  The arbitrator will have the authority to award attorneys' and expert witness fees and costs to the extent permitted by this Contract, the administrator's rules or applicable law.  The arbitrator will always award You reasonable attorneys' and expert witness fees and costs (a) if and to the extent You prevail on Claims you assert against Us in an arbitration commenced by You and (b) to the extent required under applicable law for this arbitration provision to be enforced.  The arbitrator shall write a brief explanation of the grounds for the decision.  A judgment on the award may be entered by any court having jurisdiction.

**Severability and Survival.**  If any part of this arbitration provision, other than the Class Action Waiver, is deemed or found to be unenforceable for any reason, the remainder shall be enforceable.  To the extent permitted by applicable law, this arbitration provision shall survive the termination, cancellation or rescission of this Contract.

07/12/12                                                                                                      © 2011 Peachtree Settlement Funding, LLC.

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID:  1796101

 Peachtree
Financial Solutions

**Effect of Arbitration Award.**  The arbitrator's award shall be final and binding on all Parties, except for any right of appeal provided by the FAA.  However, if the amount of the Claim exceeds $50,000 or involves a request for injunctive or declaratory relief that could foreseeably involve a cost or benefit to either Party exceeding $50,000, any Party can, within 30 days after the entry of the award by the arbitrator, appeal the award to a three-arbitrator panel administered by the administrator. The panel shall reconsider anew any aspect of the initial award requested by the appealing Party.  The decision of the panel shall be by majority vote.  Reference in this arbitration provision to "the arbitrator" shall mean the panel if an appeal of the arbitrator's decision has been taken.  The costs of such an appeal will be borne in accordance with the above paragraph titled "Arbitration Procedures."  Any final decision of the appeal panel is subject to judicial review only as provided under the FAA.

**Right to Reject Arbitration Provision.**  You may reject this arbitration provision by sending Us written notice of Your decision so that We receive it at the address listed below within forty-five (45) days of the Contract Date.  Such notice must be sent by certified or registered mail (return receipt requested) or by FedEx or another major overnight delivery service with a delivery tracking system; must include a statement that You wish to reject the arbitration provision along with Your name, address, Account I.D. number and Your signature; and must be delivered to Us at the address specified in Section 7 (A) (2) of this Contract.  This is the sole and only method by which You can reject this arbitration provision.  Upon receipt of a rejection notice, We will reimburse You for the standard cost of a certified or registered letter or overnight delivery.  Rejection of this arbitration provision will not affect any other terms of this Contract and will not result in any adverse consequence to You.  You agree that Our business records will be final and conclusive with respect to whether You rejected this arbitration provision in a timely and proper fashion.  **This arbitration provision will apply to You and Us unless you reject it by providing proper and timely notice as stated herein.**

11. **MISCELLANEOUS**

    A.  You give Us permission to conduct background checks on You, including obtaining information from the credit bureaus, in order to verify Your legal residence, contact information, and any other information We deem necessary for this transaction. We can also search records for UCC filings, bankruptcy filings, judgments, liens and child support obligations against You.

    B.  This Contract is the entire agreement between You and Us.

    C.  If there is more than one of Us or You, this Contract applies to all of those people together, and to each of them on their own.

    D.  Both Parties must agree in writing to any change to this Contract or waiver of its terms.

    E.  Except as set forth in the arbitration provision in Section 10 of this Contract, if a court undoes any part of this Contract, the rest of the Contract remains valid.

    F.  You cannot voluntarily or involuntarily sell, assign, or transfer this Contract, or any of Your rights or duties under this Contract. Any such action taken by You in violation of this section shall be void and of no effect.

    G.  Except as otherwise required by applicable law, the law of the state of Your domicile (where You regularly reside on the Contract Date) will govern this Contract and disputes under this Contract shall be determined in Your domicile State (where You regularly reside on the Contract Date).

    H.  This Contract also holds responsible Your heirs, and executors. This Contract benefits only You and Us, and no one else.  However, if properly assigned by Us, this Contract will bind and benefit Our successors and assigns.

    I.  Failure to enforce any provision of this Contract is not a waiver of that provision.

    J.  The Parties may sign this Contract in one or more counterparts.  Each counterpart will be considered an original.  All counterparts will form one Contract. A facsimile, pdf or other electronic copy of the signed Contract or any counterpart will be considered an original and treated as such in any court [or arbitration] proceeding.

07/12/12

© 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID:  1796101


Peachtree
Financial Solutions

K.  We have investigated the proposed transfer of the Purchased Payments and, in light of information available to Us, have identified no violation of any applicable state or federal law.

L.  You will not receive an IRS Form 1099 from Us.

M.  Titles and headings in this Contract are for convenience only.  Do not use them to interpret this Contract.

N.  Except as otherwise set forth in this Contract (including the arbitration provision in Section 10 of this Contract), You and We will pay our respective costs and expenses in carrying out this Contract.

O.  You give Us permission to request from our Affiliates information and documentation You have previously provided to them which we deem necessary for this transaction, including, bankruptcy filings, judgments, settling documents, annuity documents, liens, child support obligations, divorce documents.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

07/12/12

© 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB


Peachtree
Financial Solutions

Account ID: 1796101

You and We, intending to be legally bound, have signed this Contract as of the Contract Date below, and agree to all of its terms and conditions, including the arbitration provision.

By signing below, You also acknowledge that You were advised by Us in writing, that You should obtain independent legal advice and professional tax advice about the sale of the Purchased Payments and to have those advisors review with You, the terms and legal, tax and other effects of this Contract.

**SELLER:**

⟵ SIGN HERE

10/22/2020
_____
Date

**SELLER'S SPOUSE (if applicable)**

⟵ SPOUSE SIGN HERE

_____
Spouse

_____
Date

**US:**      **Peachtree Settlement Funding, LLC**

**BY:** _____
         Michael Rodden, Vice President

07/12/12                                                            © 2011 Peachtree Settlement Funding, LLC

EXHIBIT #3

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID: 1796101
October 21, 2020

## ARIZONA
## DISCLOSURE STATEMENT

**We will purchase the following payments (Purchased Payments) from You:**



## (THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK)

- 1 -

© 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID: 1796101

October 21, 2020

**The aggregate amount of the Purchased Payments is $**

**The discounted present value of the aggregate Purchased Payments at the federal interest rate of       % is $              .   The discounted present value is the calculation of the current value of the transferred structured settlement payments (Purchased Payments) under federal standards for valuing annuities.**

**The gross amount payable to seller (You) is $**

**No other expenses are incurred by you.**

**The net amount payable to the seller (You) is $**

**Based on the net amount that You will receive in payment from Us and the amounts and timing of the structured settlement payments that You are selling to Us, this is the equivalent of interest payments to Us at a rate of       % per year.   PLEASE NOTE THAT THIS IS NOT A LOAN, BUT A SALE OF PAYMENT RIGHTS AND THE INTEREST FIGURE IS ONLY PROVIDED AS AN ILLUSTRATION OF THE ECONOMIC IMPACT OF THE SALE.**

**Notice of Cancellation Rights:**

**You may cancel this transaction without penalty or further obligation, not later than the fifth business day after Your receipt of payment from Us, under the transfer agreement (Purchase Contract).**

**Please be advised there are no penalties or liquidated damages payable by you in the event of any breach of the transfer agreement (Purchase Contract) by You.**

**By signing below, You are confirming receipt of this Disclosure Statement at least 3 days prior to You executing the transfer agreement (Purchase Contract).**



SIGN HERE

© 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID:  1796101

October 21, 2020

## NEW YORK
## DISCLOSURE STATEMENT

**We will purchase the following payments (Purchased Payments) from You:**

(THE REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK)

© 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID: 1796101
October 21, 2020

The aggregate amount of the Purchased Payments is $

The discounted present value of the aggregate Purchased Payments at the federal interest rate of     )% is $                    The discounted present value is the calculation of the current value of the transferred structured settlement payments (Purchased Payments) under federal standards for valuing annuities.

The gross amount payable to seller (You) is $

No other expenses are incurred by You.

The net amount payable to the seller (You) is $             The net cash  payment You receive in this transaction from Us was determined by applying the specified discount rate to the amount of future payments received by Us, less the total amount of commissions, fees, costs, expenses and charges payable by You.

The net amount that You will receive from Us in exchange for Your future structured settlement payments represents          % of the estimated current value of the payments based upon the discounted value using the applicable federal rate.

BASED ON A PRICE QUOTE FROM NEW YORK LIFE INSURANCE COMPANY THE CURRENT COSTS OF PURCHASING A COMPARABLE ANNUITY FOR THE AGGREGATE AMOUNT OF PAYMENTS TO BE TRANSFERRED IS $168,994.00.

Based on the net amount that You will receive in payment from Us and the amounts and timing of the structured settlement payments that You are selling to Us, this is the equivalent of interest payments to Us at a rate of        )% per year.  PLEASE NOTE THAT THIS IS NOT A LOAN, BUT A SALE OF PAYMENT RIGHTS AND THE INTEREST FIGURE IS ONLY PROVIDED AS AN ILLUSTRATION OF THE ECONOMIC IMPACT OF THE SALE.

Notice of Cancellation Rights:

You may cancel without penalty or further obligation, not later than the fifth business day after Your receipt of payment from Us under the transfer agreement (Purchase Contract).

Please be advised there are no penalties or liquidated damages payable by You in the event of any breach of the transfer agreement (Purchase Contract) by You.

- 2 -

© 2011 Peachtree Settlement Funding, LLC

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID: 1796101

October 21, 2020

Please be advised that You may be subject to adverse federal and state income tax consequences as a result of the proposed transaction. You should consult Your own counsel, accountant, or financial advisor regarding any federal or state income tax consequences arising from the proposed transfer.

By signing below, You are confirming receipt of this Disclosure Statement at least 10 days prior to You executing the transfer agreement (Purchase Contract).



- 3 -

© 2011 Peachtree Settlement Funding, LLC

EXHIBIT #4

DocuSign Envelope ID: 78CB2060-E21F-4A7D-8D41-E676EBF90AFB

Account ID: 1796101

*Please complete and sign.*

## STATEMENT OF PROFESSIONAL REPRESENTATION

### Please Choose Either Box A OR Box B Below.

After you have made your choice, **SIGN AND DATE** the appropriate box signature line.
YOU SHOULD SIGN **ONLY ONE BOX** – THE BOX YOU HAVE CHOSEN.

---

**A.**   **I HAVE BEEN ADVISED BY PEACHTREE SETTLEMENT FUNDING, LLC ("PTSFNV") THAT I SHOULD OBTAIN INDEPENDENT PROFESSIONAL REPRESENTATION CONCERNING THE LEGAL, TAX AND/OR FINANCIAL IMPLICATIONS OF THIS TRANSACTION.  I FULLY UNDERSTAND THE PURCHASE AGREEMENT AND THE EFFECTS OF THE TRANSACTION AND I <u>DO NOT WISH TO SEEK OUT SUCH INDEPENDENT PROFESSIONAL REPRESENTATION.</u>**

10/22/2020

_____
Date

---

**B.**   **I HAVE OBTAINED INDEPENDENT REPRESENTATION AND I FULLY UNDERSTAND THE LEGAL, TAX AND/OR FINANCIAL IMPLICATIONS OF THE TRANSACTION, THE PURCHASE AGREEMENT AND THE RELATED DOCUMENTS.  I WAS NOT REFERRED TO MY PROFESSIONAL ADVISOR BY PTSFNV.  THE NAME OF MY PROFESSIONAL ADVISOR IS SET FORTH BELOW:**

_____
Date

---

*To Be Completed By Certified Professional Advisor*
*Only if you have signed Box B Above*

Law Firm Name: _____                    Name of Professional: _____

Phone Number: (___) _____                Attorney ID #_____

Address: _____

_____

EIN # _____

I have personally met with and have provided independent professional advice to _____ in respect of the Purchase Contract with PTSFNV and the transaction contemplated thereby. ▮▮▮ ▮▮▮ was referred to me by the _____.

_____                                    _____
Professional's Signature                            Date

---

ssc_cover_letter_docusign_pt.doc

© 2011 Peachtree Settlement Funding, LLC

EXHIBIT #5



October 29, 2020

New York Life Insurance Company
c/o Cozen O'Connor
1650 Market St., Suite 2800
Philadelphia, PA 19103-6996
Attn: Legal Department/Structured Settlements

New York Life Insurance And Annuity Corporation
c/o Cozen O'Connor
1650 Market St., Suite 2800
Philadelphia, PA 19103-6996
Attn: Legal Department/Structured Settlements

RE:     Notice of Sale/Assignment of Payment Rights
        Your Contract #: ████████
        Payee    ██████████

Dear Insurer:

Please be advised that Peachtree Settlement Funding, LLC and/or its successors and assigns, have entered into a transaction with the above-referenced annuitant who is seeking to transfer certain of his/her rights to the payments scheduled to be received under the above-referenced annuity policy. We are currently seeking court approval pursuant to the applicable structured settlement transfer statute. Pursuant to the statute, please note the following information about the Purchaser:

> Peachtree Settlement Funding, LLC
> 1200 Morris Drive,
> Chesterbrook, PA 19087
> Tax ID # 45-2795843

PLEASE NOTE: No payments under this annuity should be held until the courts have entered a final order and we have forwarded this order to you.

Very truly yours,

Peachtree Settlement Funding, LLC

By:     _____
        Shannan Colangelo, Vice President

1200 MORRIS DRIVE, • CHESTERBROOK, PA 19087
PHONE: (800) 444-8641 • FAX: (866) 455-8067